IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CELERINO CASTILLO, III,<br><br>    Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL ACTION NO. SA-10-CA-818-FB<br>(Former Criminal Action No. SA-08-CR-193-RF) |

**FILED**
JUL 2 4 2012
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Memorandum and Recommendation (docket no. 94) of the United States Magistrate Judge and movant's written objections (docket no. 98) thereto.

Where no party has objected to a Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review of the Memorandum and Recommendation. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989).

On the other hand, any Memorandum and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed movant's submission in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes movant's objections lack merit.

In his motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255, Celerino Castillo, III challenges his convictions and sentence for conspiracy to engage in the business of dealing in firearms without a license and for engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 371 and 922(a)(1)(A). (Docket no. 82). He asserts (1) he received ineffective assistance of counsel before the District Court[1] and on appeal; (2) the District Court erred when it increased his offense level for trafficking in firearms; and (3) the prosecutor engaged in misconduct. Having considered the motion, the government's response, movant's replies, the Memorandum and Recommendation, movant's objections and the applicable law, this Court agrees with the Magistrate Judge the motion should be denied.

The Court agrees with the Magistrate Judge that movant's claim the District Court erred when it increased his offense level for trafficking in firearms is barred. The United States Court of Appeals for the Fifth Circuit found that movant had knowingly and voluntarily waived his right to appeal and concluded his challenge to the District Court's application of § 2K2.1(b)(5) was barred by the appeal waiver provision in his plea agreement. As discussed in the Memorandum and Recommendation, issues raised and disposed of on appeal from an original judgment of conviction are not considered in a 28

---

[1] United States District Judge W. Royal Furgeson, Jr., presided over the guilty plea and sentencing proceedings.

2

U.S.C. § 2255 motion. Additionally, even if he had not raised the alleged sentencing error on direct appeal, the appeal waiver precludes consideration of that issue in this § 2255 proceeding.

Movant has also failed to show he received ineffective assistance of counsel at the trial level. Movant alleges his attorney[2] possessed a conflict of interest because he also represented his son[3] who was also being prosecuted for crimes involving the Bureau of Alcohol, Tobacco, Firearms and Explosives. As explained in the Memorandum and Recommendation, movant presents a scenario of a potential conflict of interest, nothing more. (M&R, docket no. 94, pp. 6-15). Conclusory allegations of ineffective assistance of counsel are not sufficient to raise a constitutional issue. United States v. Demik, 489 F.3d 644, 646 (5th Cir. 2007); Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Movant also argues he received ineffective assistance of counsel because his attorney was under investigation by the State Bar of Texas and his license to practice law in the State was suspended shortly after movant's sentencing. As set forth by the Magistrate Judge, this argument lacks merit.

> The record reflects that Castillo pled guilty knowingly and voluntarily. At sentencing on October 22, 2008, De La Garza objected to the number of firearms attributed to Castillo in the Presentence Investigation Report ("PSIR") which increased the base offense level from 12 to 18. He argued that Castillo's base offense level should be as low as 4. De La Garza objected to the 4-level increase for trafficking in firearms. De La Garza also objected to an increase under the Sentencing Guidelines range for Castillo's role in the offense. After the objections were overruled and the Sentencing Guidelines range was calculated, De La Garza's failure to advise Castillo that he was under investigation and facing suspension of his law license by the State Bar of Texas did not constitute ineffective assistance.

(M&R, docket no. 94, p. 16). Movant also contends his attorney rendered ineffective assistance of counsel because he failed to address his concerns of prosecutorial misconduct with the Judge. By

---

[2]Movant's trial attorney was Eddie De La Garza.

[3]The son is named Andrew De La Garza.

3

pleading guilty, as a matter of law, movant waived all non-jurisdictional defects in the District Court's proceedings. United States v. Daughenbaugh, 549 F.3d 1010, 1010 (5th Cir. 2008). This includes claims of ineffective assistance of counsel, except as the ineffectiveness is alleged to have rendered the guilty plea involuntary. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008). As discussed in the Memorandum and Recommendation, the claims raised by movant do not implicate the voluntariness of his plea. If movant believed the prosecution, which included agents of the AFT, committed constitutional violations which impinged upon his fundamental rights and that his attorney could and should have challenged the prosecution on the vases of those violations, movant should not have pleaded guilty. By doing so knowingly and voluntarily, movant waived any complaint concerning prosecutorial misconduct, as well as ineffective assistance of counsel claims arising from the failure to the attorney to present allegations of prosecutorial misconduct to the District Court.

Movant also alleges his appellate attorney[4] rendered ineffective assistance of counsel on appeal. He contends she failed to raise issues concerning perjury before the grand jury, manufacturing of evidence by agents, and prosecutorial misconduct. The charges which rose from the indictment returned by the grand jury were dismissed. Therefore, whether or not a prosecution witness committed perjury before the grand jury is irrelevant. Moreover, as discussed by the Magistrate Judge, movant waived his allegation of prosecutorial misconduct, including the claim that evidence was manufactured, when he knowingly and voluntarily pleaded guilty to the superceding indictment. (M&R, docket no. 94, pp. 18-20).

Finally, movant in his objections contends the Magistrate Judge failed to address his argument that he did not have his complete files available to him during his 28 U.S.C. § 2255 proceedings. As

---

[4]Movant's appellate attorney was Federal Public Defender Judy Madewell.

noted, movant entered a knowing and voluntary plea retaining only the right to challenge his conviction and sentence based upon ineffective assistance of counsel and prosecutorial misconduct of constitutional dimension. Presuming movant brings this argument under an ineffective assistance of counsel claim, he does not allege that either his trial or appellate counsel failed to provide him with his complete criminal case files on request. He also does not identify what part of the record he lacks, state specifically what information is in the parts of the record which he does not have, or state how he was prejudiced by not having this information. Although movant implies his motion is not complete because he lacked his entire file, he does not allege what further ground for relief he would have brought had he been provided with the allegedly missing material. Because movant has not shown he had ineffective assistance of counsel as to this argument, the issue is without merit.

IT IS THEREFORE ORDERED that the Memorandum and Recommendation (docket no. 94) of the United States Magistrate Judge is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that movant's 28 U.S.C. § 2255 motion to vacate sentence is DENIED. Movant has not made a substantial showing of the denial of a constitutional right. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the above-styled and numbered cause is DISMISSED with PREJUDICE. Motions pending with the Court, if any, are Dismissed as Moot.

It is so ORDERED.

SIGNED this 24 day of July, 2012.

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE